CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
MAR 30 2007
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CURTIS NEIL TALBOTT ) | |
| Petitioner, ) | Civil Action No. 7:06-cv-00633 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GENE M. JOHNSON, Director of ) | By: Samuel G. Wilson |
| Virginia Department of Corrections, ) | United States District Judge |
| Respondent. ) | |

Petitioner Curtis Neil Talbott brings this 28 U.S.C. § 2254 petition challenging his conviction in the Circuit Court of Campbell County for statutory burglary, five counts of grand larceny, and two counts of credit card theft. Talbott claims his counsel rendered ineffective assistance by "abandoning" his case after he pled guilty. This matter is before the court on respondent's motion to dismiss. The court finds that the Supreme Court of Virginia already adjudicated his ineffective assistance claims on the merits and in a manner consistent with clearly established federal law. Accordingly, the court grants respondent's motion to dismiss.

## I.

Talbott pled guilty in the Circuit Court of Campbell County to statutory burglary, five counts of grand larceny, and two counts of credit card theft and the court sentenced him to a total of 40 years imprisonment with 34 years suspended. Talbott did not appeal.

Talbott filed a habeas petition with the Supreme Court of Virginia claiming that his court-appointed counsel denied him effective assistance when he "abandoned" his case after Talbott pled guilty to the offenses charged. Talbott argued that prior to the sentencing hearing, counsel failed to communicate with him, to follow up with the court on petitioner's acceptance into the Gateway program (a residential drug treatment program), and to move for petitioner's release on bond, thereby preventing petitioner from demonstrating to the court that he was "serious" about the program. Talbott also alleged

that counsel failed to file a motion for reconsideration after sentencing, as requested.

The Supreme Court of Virginia dismissed Talbott's claims that counsel was ineffective in failing to communicate with him, to follow up with the court on petitioner's acceptance into a residential drug treatment program, and to move for petitioner's release on bond, finding these claims satisfied neither the "performance" nor the "prejudice" prong of Strickland v. Washington, 466 U.S. 668, 687 (1984). The court also dismissed Talbott's claim that counsel was ineffective in failing to file a motion for reconsideration, finding that it failed to state a claim of constitutional magnitude. Talbott then filed the instant federal habeas petition raising the same claims he raised in his state habeas petition.

## II.

This court may not grant relief on any claim that the Supreme Court of Virginia has adjudicated on the merits unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2); see Williams v. Taylor, 529 U.S. 362, 376-77 (2000). In order to establish a claim of ineffective assistance of counsel, a habeas petitioner must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's alleged deficient performance, the outcome of his hearing or case would have been different. Strickland v. Washington, 466 U.S. 668, 669 (1984). The Supreme Court of Virginia addressed Talbott's claims of ineffective assistance of counsel on the merits and dismissed them, finding that his claim regarding the filing of a motion for reconsideration failed to state a claim and that the remainder of his ineffective assistance claims failed to meet the two-prong test under Strickland.

In adjudicating Talbott's claim that counsel was ineffective in failing to communicate with him and follow up with the court on Talbott's acceptance into a residential drug treatment program, the

Supreme Court of Virginia found that based on the record, including trial transcripts and the affidavit of trial counsel, Talbott had advised the court that he was "looking into getting into the Gateway program." Prior to sentencing, Talbott was informed that he would be accepted into the drug treatment program is he had no jail time and no pending charges. The court also found that at sentencing, counsel requested that Talbott be allowed to enter the residential drug treatment program in lieu of incarceration and presented evidence of Talbott's conditional acceptance into the program. The trial court considered his arguments and rejected the request. In applying Strickland, the Supreme Court of Virginia determined that Talbott failed to demonstrate that counsel's performance was deficient or that there was a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different.

In adjudicating Talbott's claim that counsel was ineffective in failing to move for Talbott's release on bond, the Supreme Court of Virginia found that based on the record, Talbott failed to demonstrate any ground upon which a motion for release on bond would have affected the trial court's consideration of petitioner's request. Accordingly, in applying Strickland, the court again found that Talbott failed to demonstrate that counsel's performance was deficient or that there was a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different.

Finally, in adjudicating Talbott's claim that counsel was ineffective in failing to file a motion for reconsideration after being requested to do so, the court cited Evitts v. Lucey, 469 U.S. 387, 393 (1985), and found that Talbott's claim failed "to state a constitutional claim of ineffective assistance of counsel because a motion for reconsideration is not 'an integral part of the . . . system for finally adjudicating the guilt or innocence of a defendant,' and therefore, the petitioner had no right to counsel on such a motion."

3

This court finds that it is reasonable to conclude that Talbott's claims that counsel was ineffective in failing to communicate and follow up with the court on Talbott's acceptance into a residential drug treatment program and in failing to move for Talbott's release on bond satisfy neither the performance nor prejudice prong of <u>Strickland</u>. Further, it is reasonable to conclude that Talbott's claim regarding counsel's failure to file a motion for reconsideration does not state a constitutional claim of ineffective assistance. Therefore, the court finds that the Supreme Court of Virginia reasonably applied the correct applicable U.S. Supreme Court precedent and that its decision was not based on an unreasonable determination of the facts. Accordingly, the court dismisses Talbott's claims of ineffective assistance of counsel.

## IV.

For the foregoing reasons, the court grants the respondent's motion to dismiss and dismisses Talbott's § 2254 petition.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the petitioner.

ENTER: This 30th day of March, 2007.

_____
United States District Judge

4